UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW LISUZZO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVID LIFE MEDIA, INC., a Canadian corporation; BARNES & THORNBURG LLP, an Indiana limited liability partnership; and LESLIE WEISS, an individual,<br><br>Defendants. | Case No. 1:15-cv-11305<br><br>NOTICE OF REMOVAL |

### NOTICE OF REMOVAL

TO: Clerk of the United State for the Northern District of Illinois

Thomas A. Zimmerman, Jr.
Eleanor P. Khazanova
Nickolas J. Hagman
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602

PLEASE TAKE NOTICE that Defendant Avid Life Media Inc. ("Avid") hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and in support thereof, states as follows:

**I.      Statement of the Case**

1.      Plaintiff Matthew Lisuzzo ("Plaintiff") alleges that he was a member of a dating website operated by Avid. (Amended Class Action Complaint ["Complaint"], ¶¶ 4, 62.) Plaintiff alleges that some of Plaintiff's personal information was compromised as a result of an alleged

security breach of Avid's electronic data systems. (*Id.*, ¶ 1.) Plaintiff further alleges that Avid misrepresented the demographics of the dating website by creating and maintaining fictitious profiles that were not properly disclosed to members. Based on these allegations, Plaintiff brings causes of action for: (1) violation of state data breach notice statutes; (2) negligence; (3) violation of state consumer fraud and deceptive practice statutes; (4) violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act; (5) unjust enrichment; and (6) common law fraud.

2. Plaintiff alleges that he "brings this action for himself and on behalf of all others similarly situated," and seeks to certify classes comprised of "[a]ll persons in the United States who were users of [Avid]'s websites and had their Personal Information compromised as a result of the data breach" and "[a]ll persons in the United States who paid money to contact or attempt to contact a fake automated profile using [Avid]'s services." (*Id.*, ¶¶ 1, 73.) Plaintiff further states that he "brings this action pursuant of 735 ILCS 5/2-801," Illinois' state class action statute. (*Id.*, ¶ 73.)

3. On each of his alleged claims, Plaintiff seeks, for himself and putative class members, *inter alia*: (1) actual and compensatory damages; (2) punitive damages; (3) attorneys' fees; and (4) injunctive relief.

4. This civil action is removable under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and § 1453, because Plaintiff invokes a state statute and/or rule of judicial procedure that satisfies the definition of a class action under CAFA with over 100 members, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and "a member of [the] class of plaintiffs is a citizen of a State" and Avid is a "citizen or subject of a foreign state."

II.     **The Requirements for Removal under CAFA Have Been Satisfied**

5.      CAFA changed the legal standards governing removal jurisdiction for class actions. Believing that state courts were not adequately protecting defendants against class action abuses, Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in federal court." S. Rep. No. 109-14, at 43 (2005). Congress instructs district courts to "err in favor of exercising jurisdiction." *Id.* at 42. As shown below, the requirements for diversity jurisdiction under CAFA are satisfied.

   A.   **Class Action**

6.      This lawsuit is a class action as defined by 28 U.S.C. 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiff facially brings a class action: he styles his complaint as a "Class Action Complaint"; he states that he "brings this action for himself and on behalf of all others similarly situated" (Complaint, ¶ 1); he expressly invokes the Illinois class action statute, 735 ILCS 5/2-801 (*id.*, ¶ 73); and he seeks certification of putative classes. (*Id.*)

   B.   **Diversity of Citizenship**

7.      At the time that the lawsuit was filed, and as of the date of this notice, Avid is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada. At the time that the lawsuit was filed, and as of the date of this notice, Plaintiff is a citizen of Illinois. (*Id.*, ¶ 13.) Plaintiff seeks certification of putative nationwide classes. (*Id.*, ¶ 73.) Because at least one member of the putative class, including Plaintiff, is from Illinois, and Avid is a citizen of Canada, the diversity requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

### C. Amount in Controversy

8. Under CAFA, the amount in controversy is determined by aggregating the claims of all individual class members. 28 U.S.C. § 1332(d)(6). Plaintiff seeks actual damages, punitive damages, attorneys' fees, and injunctive relief on behalf of himself and putative nationwide classes that could be comprised of millions of members. While Avid denies that Plaintiff or any putative class members are entitled to any relief in this lawsuit, assuming Plaintiff's allegations were true and a jury awarded Plaintiff and the putative class all the relief sought in the complaint, that matters alleged to be in controversy well exceeds the sum or value of $5,000,000, exclusive of interest and costs. Thus, the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

### D. Number of Proposed Class Members

9. The dating website at issue in this litigation has millions of members in the United States. While Avid disputes that Plaintiff's putative classes are properly defined, Plaintiff alleges that "the Class likely consists of millions of individuals that are or were members of [Avid]'s website." (Complaint, ¶ 74.) Thus, the action satisfies the requirement of 28 U.S.C. § 1332(d)(5)(B) that the proposed class include at least 100 persons.

## IV. Defendant Satisfies the Procedural Requirements for Removal

10. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b). Plaintiff's initial complaint did not provide grounds for removal. On December 2, 2015, Plaintiff filed and served his Amended Class Action Complaint, which was the first pleading setting forth relief providing grounds for removal. This removal is filed within thirty days of the filing of, and Avid's receipt of, the Amended Class Action Complaint.

11. The Circuit Court of Cook County, Illinois, is located within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division. 28 U.S.C. § 93(a)(1). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

12. Avid has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. § 1446(a), a true and correct copy the Amended Class Action Complaint is attached as Exhibit A and all of the other process, pleadings, and orders served on Avid in the state court are attached as Exhibit B. Counsel for Avid certifies that it will promptly file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, and will promptly serve notice of same on counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, for the reasons stated herein, Avid prays that this action be removed to this Court; that all further proceedings in the state court be stayed; and that Avid obtain all additional relief to which it is entitled.

Dated: December 16, 2015          **BARNES & THORNBURG LLP**

  /s/ Christine E. Skoczylas
Christine E. Skoczylas (#623811)
cskoczylaw@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

*Attorneys for Defendant AVID LIFE MEDIA INC.*

## CERTIFICATE OF SERVICE

I, Christine E. Skoczylas, an attorney, state that I have served a copy of the foregoing **Notice of Removal** to all counsel of record by depositing a copy of same in the United States Mail at 1 N. Wacker Drive, Chicago, Illinois, 60606, properly addressed with the proper prepaid postage affixed thereto this 16th day of December, 2016.

> Thomas A. Zimmerman, Jr.
> Eleanor P. Khazanova
> Nickolas J. Hagman
> ZIMMERMAN LAW OFFICES, P.C.
> 77 West Washington Street, Suite 1220
> Chicago, Illinois 60602

By:*/s/ Christine E. Skoczylas*